## HUBLER *v.* BOARD OF COMMISSIONERS OF CASS COUNTY.

[No. 2,377.    Filed March 9, 1898.]

CONTRACTS.—*Indexing Records.*— *County Commissioners.*— A contract entered into by the county commissioners with the recorder to reindex the deed and mortgage records for the sum of four cents for each entry of deed and mortgage, when construed with sections 5938 *et seq.*, Horner's R. S. 1897, providing the manner in which such work shall be done, is held to mean four cents for each instrument indexed, and not four cents for each entry.

From the Miami Circuit Court.    *Affirmed.*

*D. D. Fickle* and *Lairy & Mahoney*, for appellant.

*Nelson & Myers*, for appellee.

COMSTOCK, J.—The facts in this case, briefly stated, are as follows: On the 19th day of December, 1894, Henry Hubler, the appellant, who was then recorder of Cass county, Indiana, presented to the board of commissioners of Cass county in open session, a writ-

ten proposition to reindex the deed and mortgage records of Cass county, Indiana, using the Burr patent index, for the price of four cents for each entry of deed or mortgage.    Said proposition was accepted by the board of commissioners, and the clerk of the board of commissioners thereupon, on the same day, made a record of said proceedings.

The appellant thereafter procured assistants, and proceeded to carry out said contract on his part and to reindex the deed records and the mortgage records of Cass county, using for such purpose the Burr patent index, and completed the work before the commencement of this action.    The board of commissioners of Cass county, prior to the commencement of this action, allowed and paid the appellant on said contract the sum of $1,000.00.    This action was instituted in the court below to recover an alleged balance claimed by the appellant upon said contract.

The controversy as to the amount due the appellant under his contract with the appellee arises in this manner:    In reindexing the deeds and mortgages it was necessary for appellant, in conformity to law, to reindex them both in the name of the grantor and grantee, or the mortgagor and mortgagee, as the case might be, so that in every case there were at least two entries for each instrument reindexed, and in cases where there was more than one party to an instrument, either mortgagors or mortgagees, grantors or grantees, there were as many entries as there were parties to such instrument.    The appellee claims that appellant is only entitled to recover at the rate of four cents for each instrument reindexed, while appellant contends that under the contract he is entitled to recover at the rate of four cents for each entry necessarily made in reindexing said deeds and

mortgages. The defendant set up several defenses by way of answers and counterclaim, and also offered to confess judgment for $300.00.

The contract sued on and admitted is made up of the written proposition of appellant and the written acceptance of appellee and is wholly in writing. The proposition of appellant is as follows: "I hereby submit my proposal for the reindexing of the old deed and mortgage records, using the Burr patent index, for the sum of four cents ($.04) for each entry of deed and mortgage. Respectfully submitted, Henry Hubler, Recorder of Cass County." The court overruled appellee's demurrer to the complaint, and appellant's demurrer to the sixth paragraph of answer, and first paragraph of counterclaim. There was a special verdict returned, upon which, on motion of appellee, the court rendered judgment in favor of appellant for $300.00, and the court overruled appellant's motion for judgment for $1,561.56 on said special verdict, to each of which rulings appellant at the time excepted.

Under the errors assigned the controlling question presented by this appeal is whether appellee is entitled to four cents for each entry or four cents for the double entry of each deed and mortgage. The special verdict shows that he made 34,137 entries of deeds and 29,902 entries of mortgages. The facts are fully found in the special verdict, and are within the issues, and, as the same questions are presented by the demurrers and the special verdict, it is not necessary to discuss the rulings upon the demurrers. The special verdict shows that the foregoing proposition was submitted by appellant to, and accepted by, appellee. It is for the court to interpret its meaning. If, by its terms, appellant was entitled to receive four cents for the name of each grantor or grantee, mortgagor or mortgagee, each time they were written by

him, the trial court erred in the amount of the judg-
ment rendered. If, on the other hand, he was enti-
tled to four cents for each instrument only reindexed,
the judgment should not be disturbed.

The contract is free from ambiguity when read in
the light of the statute, with reference to which it
must be interpreted. Section 5938, Horner's R. S.
1897, is as follows: "Each recorder in this state is
hereby authorized and required, within a reasonable
time after the passage of this act, to make out, where
the same has not been done, a complete or general
index to all the records of deeds for real estate in his
office. Such index shall be double, giving the name
of each grantor and grantee alphabetically, a concise
description of the premises, the date of the deed, to-
gether with the number or letter of the book, and the
page in which the deed is recorded." Section 5939
provides that a like index of mortgages shall be made.
Section 5940 provides that after the completion of the
general indexes, each recorder shall continue them
upon the filing for record of deeds and mortgages.
Section 5941 provides that "The board doing county
business shall allow the recorder for making such
complete or general indexes, fifteen cents for each
hundred words contained in the same."

The only indexing for which the board of com-
missioners could contract with appellant is that pre-
scribed in the statute,—a double index, giving the
name of each grantor and grantee, mortgagor and
mortgagee alphabetically. An index which failed in
this would be no index within the meaning of the stat-
ute. With reference to the instruments enumerated
in the statute, an indexing entry must be fairly held
to mean what the statute defines as an index, and the
entry of whatever is prescribed therein as constituting
the index. The language of the contract is for "each

entry of deed or mortgage." Neither the entry of
the name of grantor or grantee alone, nor the entry
of both, not alphabetically, with or without the de-
scription of the real etsate, nor the single entry of
them all would be the index required.   Both parties
to the contract are presumed to have had the statute
in mind at the time it was entered into.   The com-
missioners under the law, were without power to
make any other contract.   To say that the entry of the
name of each grantor, grantee, mortgagor, and mort-
gagee would constitute an index, would be equivalent
to saying that the entry of each date, each description
of real estate, each reference to the page of record
where the instrument is recorded is also an entry.
This   construction   would   be   unreasonable.   The
amount which might be claimed by appellant under
such ·interpretation would far exceed the amount
which the commissioners are authorized to pay for
such services.   The commissioners are empowered to
contract for reindexing certain records of the county.
*Hoffman* v. *Board, etc.*, 96 Ind. 85. · But they are only
authorized to contract for the work prescribed by
statute, and to make no greater compensation than is
there provided.   The statute limits the compensation
to fifteen cents for each hundred words.   The jury
finds that the number of deeds indexed in this cause is
17,000 and of mortgages, 14,951, making a total of
31,951 instruments, for which he claimed a balance
of $1,561.85, or four cents for the double entry of the
name of each party to each instrument.

Without having the exact figures showing the num-
ber of words necessary to make the index required by
statute of the instruments indexed under the contract
in question, we feel safe in concluding that the amount
paid appellant before the beginning of the suit, to-
gether with the amount of judgment rendered in his

favor by the trial court, will at least fully equal the sum which the commissioners were authorized to allow him for the work performed.    The trial court reached the correct conclusion.    Judgment affirmed.

Wiley, J., took no part.